JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNQI CHEN,<br><br>           Plaintiff,<br><br>v.<br><br>DAVID RADEL et al.,<br><br>           Defendants. | Case No. 2:24-cv-01403-SB-MAR<br><br><br>ORDER OF DISMISSAL |

    Plaintiff Junqi Chen filed a complaint against Defendants Merrick Garland, Ur Mendoza Jaddou, David Radel, and the U.S. Department of Homeland Security on February 1, 2024.  Dkt. No. 1.  Rule 4(m) of the Federal Rules of Civil Procedure requires that a "court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Plaintiff thus had until May 1, 2024 to serve Defendants.  But May 1 has passed, and Defendants have not been served.

    Plaintiff had adequate notice of the Court's intent to dismiss this case based on service-related issues.  On March 19, with no summons having been issued, the Court set a status conference to address service and ordered Plaintiff to file a status report addressing the same.  Dkt. No. 9.  Plaintiff was warned that failure to comply with the order would be deemed consent to the dismissal of her claims.  *Id*.  Plaintiff failed to file a status report and failed to appear.

    The Court thereafter issued an order to show cause (OSC) why Plaintiff should not be sanctioned for failing to comply with the Court's order.  Dkt. No. 10.  Plaintiff was ordered to appear at the show-cause hearing on May 10, 2024, and file a written response no later than May 3.  The Court warned that failure to

respond to the order would be deemed consent to dismissal of the case. *Id*. Plaintiff filed a timely written response, but failed to appear at the hearing.

On May 10, the Court issued another OSC why the case should not be dismissed for lack of prosecution given that more than 90 days had elapsed, and it appeared that Defendants had still not been served. Dkt. No. 13. Plaintiff failed to respond by the May 31 deadline.

Plaintiff has also failed to establish "good cause" that would warrant an extension of time to serve Defendants. Plaintiff's only communication to the Court was on April 30, almost six weeks after the Court first contacted Plaintiff and only one day before the time to serve Defendants expired. Dkt. No. 11. Although Plaintiff stated in her response that she "added the proof of service to the writ of mandamus," it is unclear what she is referencing. Given that no summons has issued, she cannot have properly served Defendants. Moreover, since her April 30, response, Plaintiff has failed to appear before the Court at the scheduled show-cause hearing and has failed to respond to the Court's subsequent OSC re lack of prosecution. Under all the circumstances, the Court finds that Plaintiff has not demonstrated the good cause necessary to extend the time to serve Defendants.

Because Plaintiff has failed to serve Defendants within 90 days and because Plaintiff has failed to establish good cause warranting an extension of time to serve, this case is dismissed without prejudice.

Date: June 11, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge